# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD G. JOHNSON,

        Plaintiff,    :    Case No. 3:16-cv-141

                              District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

ADULT PAROLE AUTHORITY,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. § 1915A(c) and seeks in this action monetary compensation from Defendant Ohio Adult Parole Authority for false imprisonment on the theory that he has been held in custody by the Ohio Department of Rehabilitation and Corrections beyond the time allowed by Ohio law, when properly calculated.

Section1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> **(a) Screening** -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

1

> governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> The PLRA also amends 28 U.S.C. § 1915(e)(2) to read as follows:
>
> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal --
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim upon which relief can be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both § 1915A and § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

    A complaint is frivolous under 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989);

2

the language of § 1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

Johnson claims to be entitled to relief because his continued confinement is said to violate the Equal Protection, Due Process, and Speedy Trials Clauses of the United States Constitution (Complaint, ECF No. 1, PageID 6).  Rights to compensation for violation of federal constitutional rights arise under 42 U.S.C. § 1983, R.S. § 1979, which was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158 (1992).  In order to be granted relief, a plaintiff must establish that the

3

defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

However, two obstacles stand in the way of Mr. Johnson's having this Court adjudicate his constitutional claims.  First of all, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).   Mr. Johnson's sentence has not been reversed on direct appeal and indeed has been affirmed.  While he sought habeas corpus relief in this Court, the Court has concluded his habeas corpus petition is barred by the statute of limitations.  See *Johnson v. Warden*, Case No. 3:15-cv-417.  Thus Mr. Johnson's claim for unconstitutional false imprisonment has not yet arisen.

The second obstacle to this lawsuit is the Eleventh Amendment to the United States Constitution which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

4

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793).  It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890);  *Edelman v. Jordan*, 415 U.S. 651 (1974);  *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945);  *Quern v. Jordan*, 440 U.S. 332 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State.  *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 302 (6th Cir. 1984) *citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).  This bar against suit also extends to state officials acting in their official capacities.  *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  An Ohio common pleas court is not a segment of county government, but an arm of the State for purposes of § 1983 liability and the Eleventh Amendment.  *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); continuing validity questioned in *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003).  The test is who would pay the judgment.  *Cash v. Hamilton County Dep't of Adult Prob.,* 388 F.3d 539 (6th Cir. 2004).  There is no question that the Ohio Adult Parole Authority is an arm of the state of Ohio.  While Congress has the power to abrogate state sovereign immunity it has not done so suits under 42 U.S.C. § 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. at 341.

5

Because the Complaint in this case seeks compensatory relief on a cause of action which has not yet arisen and because suit is in any event barred by the Eleventh Amendment, the Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted. Because reasonable jurists would not disagree with this conclusion, the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 15, 2016.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).